IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02054-PAB-KLM

TELLURIDE LODGE ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

NORM MCLEAN,
WELLS FARGO BANK, N.A.,
JANICE STOUT, in her official capacity as PUBLIC TRUSTEE FOR SAN MIGUEL COUNTY, and
DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,

    Defendants.

## ORDER

    This matter is before the Court on the Motion for Remand [Docket No. 18] filed by plaintiff Telluride Lodge Association. Plaintiff requests that the Court remand this case to the District Court for San Miguel County, Colorado. Docket No. 18 at 1. Defendants do not oppose the motion. *Id*.

    On June 16, 2012, plaintiff filed this action in the District Court for San Miguel County, Colorado. Notice of Removal [Docket No. 1] at 1, ¶ 1. Plaintiff sought, *inter alia*, judicial foreclosure of a homeowner lien. *Id*. On August 6, 2012, pursuant to 28 U.S.C. § 1444, the IRS removed the case to this Court. *Id*. On October 22, 2012, the Court approved a stipulation wherein the parties agreed to the priority of the IRS' interest in the property [Docket No. 19]. Given that the stipulation resolved the controversy with respect to the IRS' claims, plaintiff requests that the Court remand the

case on the grounds that remand would be "appropriate and in the interest of justice and efficiency." Docket No. 18 at 1.

The resolution of the federal issue does not prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise pendent jurisdiction over such claims. As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction. *See Brooks*, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction pursuant to § 1367(c)(3), but reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan County Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and

emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed.*"* ); *but see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining whether to exercise supplemental jurisdiction).

The IRS, the only party requesting a federal forum, does not oppose a remand of this case. Docket No. 18 at 1. No compelling reasons to retain jurisdiction being apparent, it is

**ORDERED** that the Motion to Remand Case Back to State Court [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that this case shall be remanded to the District Court for San Miguel County, Colorado, where it was filed as Case No. 2012CV70.

DATED December 17, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge